UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


RASHID BROWN #183346,

        Plaintiff,

v.                                       Case No. 2:05-cv-216
                                       HON. ROBERT HOLMES BELL
G. RILEY, et al.,

        Defendants.
_____/


**OPINION APPROVING MAGISTRATE JUDGE'S**

**REPORT AND RECOMMENDATION**

        The Court has reviewed the Report and Recommendation filed by the United States

Magistrate Judge on August 22, 2006.  The Report and Recommendation was duly served on the

parties.  The Court received objections from both Plaintiff and Defendants.  In accordance with 28

U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report

and Recommendation to which objection has been made.  The Court now finds the objections to be

without merit.

        Defendants claim that the Magistrate Judge erred in finding that "Defendant Riley

acted improperly in denying [Plaintiff's] request for a Kosher diet."  Defendants misconstrue the

Magistrate Judge's recommendation.  In the report and recommendation, the Magistrate Judge

carefully considered the record, as well as the assertion of the parties, and concluded that there was

a genuine issue of material fact with regard to whether Plaintiff's religious beliefs were sincerely

held.  Therefore, for the reasons set forth in the report and recommendation, Defendants' objections

on this issue lack merit.

Defendants further claim that the Magistrate Judge incorrectly interpreted Plaintiff's free exercise claim as being against Defendant Irvine.  However, Defendants concede that Plaintiff specifically asserted a conspiracy claim against Defendant Irvine which alleged that he conspired with Defendant Riley to deprive Plaintiff of his right to freely practice his religion.  In Plaintiff's complaint, he claims that Defendant Irvine made false statements to Defendant Riley in order to ensure that Plaintiff would be denied a Kosher diet.  Such conduct, if true, would implicate Plaintiff's First Amendment right to freely practice his religion.  Therefore, Defendants' objections on this issue lack merit.

Finally, Defendants claim that they are entitled to qualified immunity on Plaintiff's free exercise claims.  However, as noted in the report and recommendation, Plaintiff has succeeded in demonstrating the existence of a genuine issue of material fact regarding whether he is sincere in his religious beliefs regarding the need for a Kosher diet.  Therefore, the Magistrate Judge did not err in finding that Defendants are not entitled to qualified immunity on the issue of religious exercise.

In his objections, Plaintiff claims that the Magistrate Judge erred in recommending dismissal of his retaliation claims.  Plaintiff contends that Defendants retaliated against him for filing complaints against Defendant Irvine and others asserting that Plaintiff had observed them mistreat another prisoner.  However, as noted by the Magistrate Judge in the report and recommendation, there is no First Amendment right to provide legal assistance to another inmate.  *Shaw v. Murphy*, 532 U.S. 223, 228 (2001).  Generally, legal assistance agreements are only protected when the inmate receiving the assistance would otherwise be unable to pursue redress and thus are derivative of the inmate's right of access to the courts.  *Herron v. Harrison*, 203 F.3d 410, 415-16 (6th Cir. 2000).  As stated in the report and recommendation, Plaintiff has failed to allege any facts showing

that the prisoner who was being mistreated could not have filed grievances on his own behalf. Therefore, Plaintiff's retaliation claim is properly dismissed.

Plaintiff claims that the Magistrate Judge erred in recommending dismissal of his equal protection claim as conclusory. Plaintiff states that if he had been allowed to have discovery on this issue, he could have supported this claim. However, as noted by the Magistrate Judge, Plaintiff failed to allege any specific facts in support of his assertion that he was treated differently than other prisoners who were accused of throwing feces or cussing. Therefore, Defendants are entitled to summary judgment on Plaintiff's equal protection claims.

Finally, Plaintiff claims that the Magistrate Judge erred in recommending dismissal of his conspiracy claims. However, as noted by the Magistrate Judge, Plaintiff has not alleged any facts in support of a finding that Defendant Riley acted because of any agreement with Defendant Irvine to deprive Plaintiff of his rights because of racial or class based animus. Therefore, Defendants are entitled to summary judgment on Plaintiff's conspiracy claims.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court. As noted by the Magistrate Judge in the report and recommendation, Plaintiff has failed to sustain his burden of proof in response to Defendants' motion for summary judgment with regard to his conspiracy, retaliation and equal protection claims. However, Plaintiff has succeeded in showing the existence of a genuine issue of material fact with regard to his free exercise of religion claims. Accordingly, Defendants' Motion for Summary Judgment will be granted, in part, and denied, in part.

Date:   September 19, 2006          /s/ Robert Holmes Bell
ROBERT HOLMES BELL
CHIEF UNITED STATES DISTRICT JUDGE